FILED

2014 May-07  PM 01:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| SHANE ALAN RICKMAN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:13-cv-00088-SLB-HGD |
| | ) | |
| FREDDY BUTLER, Warden, and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents | ) | |

## REPORT AND RECOMMENDATION

Petitioner, Shane Alan Rickmon,[1] has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges the validity of his 2008 convictions after a jury trial in the Circuit Court of Walker County on two counts of first degree rape and two counts of first degree sodomy.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2008, petitioner was found guilty by a jury of two counts of first degree rape and two counts of first degree sodomy.[2]  On May 1, 2008, petitioner was

---

[1] Petitioner's last name is actually "Rickmon."  However, all court records use the spelling "Rickman."

[2] Petitioner also was convicted of one count of first degree sexual abuse, but the trial court vacated the conviction on the ground that it was a lesser-included offense of one of the other convictions and therefore violated double jeopardy principles.

sentenced to serve three concurrent life sentences, two for the convictions of first degree rape and one for a conviction for first degree sodomy.  In addition, he was sentenced to life for the other conviction of first degree sodomy, to be served consecutively to the three concurrent life sentences.

Upon conviction and sentencing, petitioner appealed to the Alabama Court of Criminal Appeals.  Trial counsel also represented petitioner on direct appeal.  He raised two issues on direct appeal:

> (1) the trial court abused its discretion when it denied Rickmon's motion for relief from the State's alleged noncompliance with a discovery order issued by the Winston County District Court (RX-2 at 6-9)[3]; and

> (2) the trial court abused its discretion when it allowed the admission into evidence of the audio recording of the rape and sodomy made by the victim.  (RX-2 at 10).

The facts developed at trial were accurately summarized by the Alabama Court of Criminal Appeals as follows:

> The State presented evidence that, on January 24, 2007, the appellant engaged in sexual intercourse and deviate sexual intercourse with his girlfriend's sixteen-year-old daughter by forcible compulsion.  The victim testified that she complained to her mother, but she did not believe her.  Because she suspected the appellant would attempt to force her to have oral sex and sexual intercourse with him based on previous occurrences, she secretly recorded the January 24, 2007, incident on an electronic MP3 device for recording and playing audio media.  That recording contains discussion between the victim and the appellant in

---

[3]  The Court cites records and documents from respondents' exhibits as "RX-[Exhibit No.].

which the appellant admits to previously engaging in deviate sexual intercourse and sexual intercourse with the victim.

The victim testified at trial about multiple instances of sexual intercourse in which the appellant placed his penis in her vagina. She also testified about multiple instances of deviate sexual intercourse including instances during which the appellant placed his penis in her mouth and instances during which the appellant placed his penis in her anus. The victim further testified that all such encounters with the appellant were against her will.

(RX-3 at 2).

In the first issue, Rickmon alleged that he was entitled to a new trial because the State did not provide the defense with a list of the witnesses it intended to present at trial, including the testimony of a children's therapist and advocate who explained that the multiple retractions and other alleged lies of the victim were not unusual. (RX-2 at 6-9). In his second issue, petitioner alleged that the admission by the trial court of the victim's recording of his sexual assault on her was reversible error because the recording constituted hearsay under Rule 802, Ala.R.Evid. (*Id.* at 13).

On April 24, 2009, the Alabama Court of Criminal Appeals affirmed Rickmon's convictions. (RX-3). As to his first claim, the appellate court noted that the appellate record before the court did not include any written motion for discovery by Rickmon. The Court of Criminal Appeals found that it was Rickmon's duty to check the record to ensure that it was complete. Because the record submitted contained no motion for discovery, the Court questioned whether it could properly

review this claim.  (RX-3 at 2-3).  Further, the Court found that under Rule 16.1(e), Ala.R.Crim.P., the discovery and inspection of witness lists was not authorized. None of the exceptions to this exclusion were applicable in this case.  Thus, the Court held that petitioner was not entitled to the requested information.  (*Id*. at 3).

With regard to the victim's recording of her conversation with petitioner and the ensuing sexual assault, the Court of Criminal Appeals found that Rickmon's statements on the recordings were admissions that were not hearsay pursuant to Rule 801(d)(2)(A), Ala.R.Evid.  Some of the victim's remarks were admissible as exceptions to the prohibition against hearsay because they were present sense impressions pursuant to Rule 803(1), Ala.R.Evid., excited utterances pursuant to Rule 803(2), Ala.R.Evid., and/or statements of then-existing mental, emotional or physical condition pursuant to Rule 803(3), Ala.R.Evid.  The Court further found that some of the victim's statements also constituted adoptive admissions by Rickmon because he manifested an adoption of belief in the truth of the statements when she made them.  Any remaining statements were admissible as part of the *res gestae* of the offenses.  Finally, the portions of the recordings capturing the sodomies and rapes were admissible as direct evidence of the rape and sodomy offenses.  (RX-3 at 3-7).

Rickmon did not file an application for rehearing in the Court of Criminal Appeals.  On May 13, 2009, the Court of Criminal Appeals issued a Certificate of

Judgment affirming Rickmon's convictions and sentences.  (RX-4).  Rickmon did not

file a petition requesting certiorari review by the Alabama Supreme Court.

On November 12, 2009, Rickmon filed a petition for relief from his convictions

and sentences pursuant to Rule 32, Ala.R.Crim.P.  (RX-5 at 12).  Rickmon raised two

claims for relief.  In his first claim, he alleged:

> Conviction obtained by unconstitutional failure of the prosecution to
> disclose to the defendant evidence favorable to the defendant.
>
> Was granted full motion of discovery and the D.A. withheld reports,
> medical examinations, such as doctor report done on day of supposed
> rape, rape kit held 11 months before sent to look for D.N.A.  Kept
> complete witness list hidden including supposed expert witness that I
> never spoke to until the trial proceedings.

(RX-5 at 13).

> Rickmon's second claim alleged:
>
> Lawyer who was appointed conveniently lost critical pieces of evidence.
> Failed to ask questions I specifically asked him to ask of witnesses.  Did
> not correspond with me during appeal and let appeal finalize without
> any notification.   Has withheld all my paperwork after numerous
> attempts by me to get it from him.  Including unethical response to a
> State Bar complaint.

(*Id.* at 14).

On October 26, 2010, the trial court entered an order denying the Rule 32

petition.  (*Id.* at 43-44).  The trial court denied relief on the first claim on the basis

that the claim was no more than bare assertions that were "woefully inadequate to

meet the specificity requirement of Rule 32.6(b)."   Additionally, it held that all

discovery matters were addressed by the trial court in a pretrial hearing three months prior to trial.  The trial court further noted that alleged discovery violations were also raised on direct appeal and addressed by the Alabama Court of Criminal Appeals in its memorandum opinion of April 24, 2009.  (*Id.* at 43).  The trial court found the claim alleging ineffective assistance of counsel also to be "woefully inadequate in its compliance with [Ala.R.Crim.P.] 32.6" and the requirements of proving ineffective assistance of counsel because Rickmon failed to demonstrate any deficiencies by counsel at trial or on appeal and how he was prejudiced by any alleged deficiencies. (*Id.* at 44).

Rickmon appealed this decision to the Alabama Court of Criminal Appeals and claimed that he was denied discovery to which he was entitled in the Rule 32 proceedings.  The case was remanded by the Alabama Court of Criminal Appeals with instructions to the trial court to determine if Rickmon was provided with the documents he requested and which the State admitted he was entitled to receive.

Subsequently, the trial court directed the Winston County Clerk of Court to mail Rickmon copies of the trial transcript, all court orders and defense counsel's briefs.  However, the court specifically found that Rickmon was not entitled to the audio recording of the rape and sodomy because it found he had not shown just cause that he was entitled to it, but had merely described it as a "trial exhibit."  (RX-8 at 2-3).

On March 23, 2012, the Alabama Court of Criminal Appeals issued its opinion on return to remand.  While noting that the trial court exceeded the scope of its remand order, it agreed with the Circuit Court's conclusions that petitioner had been denied documents that he was entitled to receive.  It reversed the summary denial of Rickmon's Rule 32 petition and remanded the case to allow Rickmon the opportunity to amend his petition.  (RX-9).

The Court of Criminal Appeals agreed with the trial court that the recording of the rapes and sodomies was not a public record under Alabama law and that Rickmon had not shown just cause as to why he was entitled to a copy.  (RX-9 at 9-11).

Although given until May 7, 2012, to file an amendment to his petition, Rickmon failed to do so.  On May 18, 2012, the Winston County Circuit Court reaffirmed its previous findings and held that Rickmon's claim that the State failed to disclose exculpatory evidence was a bare assertion that was inadequate to meet the specificity requirements of Rule 32.6(b), Ala.R.Crim.P.  Moreover, the court found that Rickmon had raised this argument on direct appeal and that the claim lacked merit.  As to the ineffective assistance of counsel claim, the circuit court held that Rickmon had made a bare assertion and did not make the showings required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he failed to demonstrate any deficient performance by counsel at trial or on appeal, or that he was prejudiced in any way.  (RX-10 at 48-49).

The case was returned to the Alabama Court of Criminal Appeals which, on June 22, 2012, affirmed the denial of Rickmon's Rule 32 petition. (RX-11). On July 11, 2012, the Alabama Court of Criminal Appeals issued a Certificate of Judgment on the Rule 32 appeal. (RX-12). On August 15, 2012, Rickmon filed a Motion for Rehearing. (RX-13). On August 20, 2012, the Alabama Court of Criminal Appeals ordered the application for rehearing to be stricken, finding that it was not timely filed in accordance with Rule 40, Ala.R.App.P., which requires such applications to be filed within 14 days of the issuance of the decision. (RX-14). *See* Ala.R.App.P. 40(c).

Rickmon filed a petition for a writ of certiorari with the Alabama Supreme Court. However, on August 19, 2012, that court struck the petition for failure to comply with Rule 39, Ala.R.App.P., which states that the filing of a motion for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to the filing of a petition for a writ of certiorari in the Alabama Supreme Court. (RX-17). *See* Ala.R.App.P. 39(c).

Rickmon filed his first federal habeas petition on April 29, 2010. However, because his Rule 32 petition was still pending, this petition was dismissed without prejudice on November 22, 2010, based on his failure to exhaust his state remedies. *Rickman v. Butler*, Case No. 6:10-cv-01356-RBP-HGD (N.D.Ala.). For reasons

explained below, his present habeas petition is deemed to have been filed on January 13, 2013.

DISCUSSION

**Statute of Limitations**

Title 28 U.S.C. § 2244(d)(1) provides that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It further provides, in pertinent part, that the limitations period runs from the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*. 28 U.S.C. § 2244(d)(1)(A) (emphasis added).

On January 10, 2013, Rickmon executed his present petition for a writ of habeas corpus challenging his 2008 convictions for rape and sodomy. Included with this petition was an application for leave to file a second or successive habeas corpus petition. (Doc. 1-1). That document was executed January 13, 2013. (Doc. 1-1 at 7). Both documents were stamped "filed" by the United States District Court for the Northern District of Alabama on January 15, 2013. (Doc. 1 at 1; Doc. 1-1 at 1).

Under the "mailbox rule," a pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing, absent evidence to the contrary. *Houston v. Lack*, 487 U.S. 266, 271-72, 108 S.Ct. 2379, 2382-83, 101 L.Ed.2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v.*

*Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court must] assume that [Rickmon's] motion was delivered to prison authorities the day he signed it. . . ."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).   In this case, Rickmon's application for leave to file a second or successive habeas corpus petition, included with the second petition, was dated January 13, 2013.  This is evidence that Rickmon could not have delivered his habeas petition to prison authorities for mailing before January 13, 2013.  Therefore, based on the evidence, for purposes of the mailbox rule, the date this habeas corpus petition was delivered to prison authorities for mailing was January 13, 2013.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  In *Carey v. Saffold*, the Supreme Court interpreted the word "pending" to "cover the time between a lower state court's decision and the filing of a notice of appeal to a higher state court."  536 U.S. 214, 217, 122 S.Ct. 2134, 2136, 153 L.Ed.2d 260 (2002).  "[U]ntil the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"  *Id*. at 220, 122 S.Ct. at 2138.  The Supreme Court has further explained that a claim is "pending" during "the period between (1) the lower court's adverse

determination, and (2) the prisoner's filing of a notice of appeal, *provided that the filing of the notice of appeal is timely under state law.*" *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 849, 163 L.Ed.2d 684 (2006) (emphasis added, citation omitted).  Nothing in the case law dictates that the appeal must be taken for the claim to remain pending.  Moreover, logic dictates that the claim is pending regardless of whether the inmate actually files the notice of appeal.  "Pending" refers to the continuation of the process, or the time until the process is completed. *Carey*, 536 U.S. at 219-20, 122 S.Ct. at 2138; *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004).  The process is not complete until there is no other avenue the prisoner could pursue.  Thus, the claim remains pending until the time to seek review expires.

Petitioner's conviction was affirmed on direct appeal by the Alabama Court of Criminal Appeals on April 24, 2009.  Petitioner did not file a motion for rehearing or file an application for a writ of certiorari with the Alabama Supreme Court on direct review.  Under Rule 40, Ala.R.App.P., Rickmon had 14 days to file a motion for rehearing.  This step is mandatory before an application for a writ of certiorari in the Alabama Supreme Court can be properly filed.  The time to do so expired on May 8, 2009.  Arguably, petitioner's one-year time limit for filing a petition for a writ of habeas corpus under the AEDPA, pursuant to 28 U.S.C. § 2244(d), began on the following day.  However, respondents assert that it began on the date the Court of

Criminal Appeals issued its Certificate of Judgment, May 13, 2009.[4]  Therefore, the undersigned will count the days for purposes of the § 2244(d) one-year statute of limitations using both dates.  In either case, petitioner did not file his petition before the statute of limitations expired.

Petitioner executed his Rule 32 petition in state court on November 12, 2009. At this time, a total of 183 days had elapsed between the issuance of the Certificate of Judgment on direct appeal and the filing of the Rule 32 petition, if counting begins on the day of the issuance of the Certificate of Judgment.  A total of 187 days elapsed if the time is computed from the date of petitioner's time for filing a motion for rehearing expired.

On June 22, 2012, the Alabama Court of Criminal Appeals affirmed the denial of Rickmon's Rule 32 petition. (RX-11).  The Certificate of Judgment in the Rule 32 proceedings was issued by the Alabama Court of Criminal Appeals on July 11, 2012. Under *Evans v. Chavis*, *supra*, the time that petitioner could have properly filed an application for rehearing is counted as time a post-conviction petition is "pending." Rickmon had 14 days to file a motion for rehearing pursuant to Rule 40(c),

---

[4]  If not suspended by the filing of a timely-filed motion for rehearing, Ala.R.Crim.P. 41 requires that a certificate of judgment be entered 18 days after the entry of judgment in a case, unless that time is enlarged or shortened by order. Since petitioner did not file a motion for rehearing within 14 days of judgment, the Court of Criminal Appeals issued its certificate of judgment 18 days thereafter.

Ala.R.App.P.  This time expired on July 6, 2012.  Thus, the clock arguably began ticking again on the AEDPA one-year statute of limitations on July 7, 2012. However, respondents assert that the limitation period began to run again on the date the Certificate of Judgment was issued, July 11, 2012.  (RX-12).

Although Rickmon eventually filed an application for rehearing in the Alabama Court of Criminal Appeals and an application for a writ of certiorari in the Alabama Supreme Court, the application for rehearing was untimely and the application for the writ was not properly filed because Rickmon had not properly filed an application for rehearing.  The filing of an application for rehearing is mandatory before a petition for a writ of certiorari can be filed under the Alabama Rules of Appellate Procedure. Governing case law likewise permits tolling under § 2244(d)(2) only when a petitioner has "properly filed" an application for state-post conviction relief.  *Evans v. Chavis*, 546 U.S. at 191, 126 S.Ct. at 849 ("The Act tolls this 1-year limitations period for the 'time during which a properly filed application for State post-conviction or other collateral review . . . is pending.'"); *Artuz v. Bennett*, 531 U.S. 4, 8, 11, 121 S.Ct. 361, 364, 365, 148 L.Ed.2d 213 (2000) ("[A]n application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings."); *Wade v. Battle*, 379 F.3d  at 1259 (tolling under 28 U.S.C. § 2244(d)(2) "depends on how long [a petitioner's] application for state post-conviction relief was

'properly filed' and 'pending.'"); *Sibley v. Culliver*, 377 F.3d 1196, 1202 (11th Cir. 2004) ("Under § 2244(d)(2), . . . statutory tolling is available only if an application for review is filed" in the state court.); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."); *Hurley v. Moore*, 233 F.3d 195, 1297-98 (11th Cir. 2000) ("Where the petition is not 'properly filed' there is no tolling of the one-year limitations period."). Thus, the time that these applications were pending does not toll the AEDPA statute of limitations.

Petitioner executed his petition for federal habeas relief in this case on January 10, 2013. However, as noted above, it could not have been placed in the hands of prison officials for mailing until January 13, 2013. Thus, counting the days beginning with the issuances of the Certificates of Judgment as asserted by respondents, until January 13, 2012, another 186 days elapsed. Combined with the 183 days that elapsed between the time petitioner's conviction was final on direct appeal and the filing of his (second)[5] Rule 32 petition, 369 days had elapsed under the AEDPA statute of limitations. If the days are counted from the dates that petitioner's time to timely file appeals from the decisions of the Court of Criminal Appeals on

---

[5] Because his Rule 32 petition was pending at the time petitioner filed his first federal habeas petition, the AEDPA statute of limitations was already tolled.

direct appeal and of the Rule 32 decision lapsed[6] (rather than the date when the Certificate of Judgments were entered), a total of 377 days elapsed.  In either event, Rickmon's petition for a writ of habeas corpus is time-barred under the AEDPA one-year statute of limitations, unless he can present evidence of actual innocence or that he otherwise is entitled to equitable tolling.

## Actual Innocence

As noted above, the AEDPA contains a one-year statute of limitations in which a prisoner convicted of a state crime may file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  Petitioner claims that an actual innocence exception to AEDPA's time bar exists and argues that he has made a sufficient showing of actual innocence in order for his § 2254 petition to proceed.  (Doc. 8 at 7).  With respect to his claim of actual innocence, petitioner submitted a report from the Alabama Department of Forensic Sciences which examined vaginal and oral swabs from the victim and processed her clothing allegedly worn at the time of the last rape and sodomy for the presence of DNA.  This report states, in pertinent part, "Due to the limited quantity of the sample, no genetic traits other than those of [the victim] were detected in the stain from the crotch area of the panties."  (Doc. 10 at 3).

---

[6] 190 days.

Cases refer to an "actual innocence" claim in at least three different types of habeas cases.   In the first type, a petitioner's actual innocence is itself the constitutional basis of the habeas petition.  *See  Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993) (holding that no federal habeas relief is available for freestanding, non-capital claims of actual innocence); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) (same).

In the other two types of actual innocence claims, the petitioner's assertion of innocence is not itself a freestanding claim, but merely serves as a "gateway" to get the federal court to consider claims that the federal court otherwise would be barred from hearing.  "To successfully plead actual innocence, a petitioner must show that his conviction resulted from 'a constitutional violation.'"  *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995)).

In the second type, a petitioner's actual innocence serves as a gateway to consideration of constitutional claims procedurally defaulted in state court, such as failure to exhaust state remedies, failure to satisfy state filing requirements, etc.  *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial" (internal quotation mark omitted)); *see also Schlup*, 513 U.S. at 324, 115 S.Ct. at 865 (holding that for habeas court to consider procedurally barred constitutional claims,

petitioner must present "new reliable evidence" of actual innocence).  To bypass such a procedural bar, a petitioner must show either (1) cause and prejudice or (2) a miscarriage of justice or "actual innocence." *Schlup*, 513 U.S. at 314-15, 115 S.Ct. at 860-61.  The actual innocence exception to the procedural bar is not meant to remedy ordinary errors in criminal judgments but is narrowly reserved for only "fundamental miscarriage[s] of justice." *Id.* at 315, 115 S.Ct. at 861.  To overcome procedural default through a showing of actual innocence, the petitioner must present "reliable evidence . . . not presented at trial" such that "it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Johnson,* 256 F.3d at 1171 (quoting *Schlup*, 513 U.S. at 324, 327, 115 S.Ct. at 865, 867 (internal quotation mark omitted)).

In the third situation, a habeas petitioner claims his actual innocence should serve as a gateway to consideration of constitutional claims time-barred under AEDPA's one-year limitation period.  *See* 28 U.S.C. § 2244(d); *Johnson*, 513 F.3d at 1333-34; *Arthur v. Allen*, 452 F.3d 1234, 1244-46 (11th Cir. 2006); *Rozzelle v. Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-12 (11th Cir. 2012).  That is the situation presented by Rickmon.  Because the standards for actual innocence in cases of procedural default and untimely federal habeas petitions derive from the Supreme Court's decision in *Schlup*, these two case types have at times been conflated.  *See Arthur*, 452 F.3d at 1245 (applying the concept of the actual innocence exception to

"procedural bar" to the *Arthur* case involving an AEDPA-time-barred § 2254 petition).  Therefore, like the actual innocence exception for procedural default, the alleged exception for AEDPA untimeliness would require the petitioner (1) to present "new reliable evidence . . . that was not presented at trial," *Arthur*, 452 F.3d at 1245 (quoting *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865), and (2) to show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *Johnson*, 513 F.3d at 1334 (quoting *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867); *see also House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006).

Further, as noted above, an AEDPA-time-barred petitioner must make a threshold showing of actual innocence before a court will tackle whether the Suspension Clause requires an actual innocence exception to AEDPA's one-year filing window.  *Arthur*, 452 F.3d at 1244.  The Eleventh Circuit has never decided that constitutional question because no petitioner has yet demonstrated his actual innocence. *Johnson*, 513 F.3d at 1333; *see House*, 547 U.S. at 538, 126 S.Ct. at 2077 ("[T]he *Schlup* standard is demanding and permits review only in the extraordinary case." (internal quotation marks omitted)).  According to the Eleventh Circuit, if such an exception exists, it exists only for actually innocent petitioners. *Rozzelle*, 672 F.3d at 1012.

Rickmon has failed to present evidence of actual innocence.  The forensic report he presents merely reflects that the examiner was unable to obtain DNA sufficient for testing due to the "limited quantity" of the sample, other than one sample which proved to have come from the victim herself.  This is not evidence of petitioner's actual innocence.  Even if the lack of DNA were to be considered as exculpatory, the audio recordings of the admissions by petitioner that he had previously assaulted the victim, and of the actual rape and sodomy, make any claim that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt totally without merit.

**Equitable Tolling**

It is clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001).  Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added).

The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.  *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").

In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.  Petitioner has made no such showing.  The only argument he makes in this regard is that respondents failed to file a response within 20 days as ordered by the court.  Petitioner alleges that respondents were one day late filing their response to the Court's Order to Show Cause and that, therefore, his late filing should also be excused.  (Doc. 8 at 5).  However, even if this were to be considered a valid reason to accept the late filing of his habeas petition, it is without merit.  The Order to Show Cause required respondents to file a response within 20 days.  The Order was entered on February 20, 2013, and the response was filed on March 12, 2013.  According to Rule 6(a)(1)(A), Fed.R.Civ.P., "[w]hen the period is stated in days or a longer period of time" courts "exclude the day of the event that triggers the period."  Thus, counting February 21, 2013 as Day 1, Day 20 fell on March 12, 2013, the date on which respondents filed their response.  Petitioner has stated no other events

beyond his control as a basis for granting equitable tolling, nor has he demonstrated

due diligence.  Therefore, he is not entitled to any equitable tolling.

**Grounds for Relief**

In his federal petition, Rickmon makes the following claims:

1.  His conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the petitioner.

2.  He received ineffective assistance of counsel when defense counsel lost petitioner's statement to D.H.R.[7] and investigating officer and sent a "4 or 5 page letter to a state bar complaint of how guilty, combative and how he was unable to do his job to the Alabama State Bar."

(Doc. 1 at 5).

In his application to the United States Circuit Court of Appeals for the Eleventh

Circuit for leave to file a second or successive petition, he states, as to Claim 1, that

the assistant district attorney withheld evidence and witness lists until the day of trial

and "cited he did not have to process said evidence instead of filing an objection to

[trial] Judge Newell's . . . motion of discover granted me."  (Doc. 1-1 at 6).

As to the ineffective assistance of counsel claim set out as Claim 2, he stated:

My lawyer lost plaintiff's statements, failed to show supporting material on direct appeal, kept trial transcripts from me for three years and wrote a four page letter in response to a State Bar complain of how guilty I was and how combative in pretrial preparations and that he had limited access to me to prepare.

---

[7]  The "D.H.R." referenced by petitioner is presumed to be the Alabama Department of Human Resources.

(Doc. 1-1 at 5).

He also claims that his ineffective assistance of counsel claim relied on newly discovered evidence. Specifically, the newly discovered evidence was the letter to the Alabama State Bar Association filed by his trial attorney in response to the complaint Rickmon filed against him with the Bar and the memorandum opinion of the Alabama Court of Criminal Appeals. (Doc. 1-1).

## Procedural Default and Exhaustion

Title 28 U.S.C. § 2254(b)(1)(A) provides that an applicant for a writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available to him in the state court. A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Such procedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision. *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), *cert. denied*, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995); *Meagher v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). Where the last state court rendering a judgment in the case clearly and expressly states that its judgment rests

on a state procedural bar, the claim is procedurally defaulted in the federal courts. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.  *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir.), *cert. denied*, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998), *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus . . . shall not be granted unless it appears that the applicant has  exhausted the remedies available in the courts of the State. . . .").

In *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), the Supreme Court held that a federal habeas court could hold claims to be procedurally defaulted and therefore exhausted "if it is clear that [the] claims are procedurally barred under [state] law." 489 U.S. at 351, 109 S.Ct. at 1060.  The Court further held that the rule requiring state court procedural bar holdings to be clearly and expressly stated "is simply inapplicable in a case such as this one, where the claim was never presented to the state court." *Teague v. Lane*, 489 U.S. 288, 298-99, 109 S.Ct. 1060, 1061, 103 L.Ed.2d 334 (1989).

In *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2456, 2557 n.1, 115 L.Ed.2d 640 (1991), the Court reiterated that the clear-expression rule "does not apply if the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet her exhaustion requirement would now find the claims procedurally barred." Thus, any issue unexhausted in State court for which an attempt to exhaust would result in a State procedural bar, is also procedurally barred from relief in federal court pursuant to 28 U.S.C. § 2254(b)(1)(A). *Accord Bailey v. Nagle*, 172 F.3d 1299 (11th Cir. 1999).

Furthermore, a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirements for federal habeas corpus relief, when discretionary review is part of the ordinary appellate review procedure in the State. Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. Consequently, because an appeal to the Alabama Supreme Court is a normal, simple and established part of Alabama's appellate review process, claims not raised in a petitioner's appeal of Alabama Court of Criminal Appeals

decisions on direct appeal or in a collateral proceeding (*i.e.*, a Rule 32 petition) to the Alabama Supreme Court cannot be raised in a subsequent federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001) (failure to pursue issue on direct appeal); *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (failure to pursue issue on collateral appeal).

Rickmon did not file a petition for a writ of certiorari in the Alabama Supreme Court on direct appeal asking that Court to review the decision of the Alabama Court of Criminal Appeals on his issues concerning the prosecution's compliance with the Winston County District Court's discovery order.   Therefore, the claim is not exhausted in the state courts.   Furthermore, he cannot now return to the Alabama Supreme Court and file a petition for a writ of certiorari asking the Supreme Court to review this claim because the time for doing so under the Alabama Rules of Appellate Procedure has long since expired.   *See* Ala.R.App.P. 39(c).   This claim is procedurally defaulted.  *See O'Sullivan v. Boerckel, supra*.

Petitioner's claim alleging the state failed to disclose exculpatory evidence, to the extent that it is the same claim raised in his habeas petition, was raised in his Rule 32 petition and addressed by the Alabama Court of Criminal Appeals.  (RX-5 at 12; RX-9 at 2).  However, Rickmon did not exhaust this claim because he did not timely file a petition for a writ of certiorari in the Alabama Supreme Court after the

affirmance of the denial of his Rule 32 petition by the Alabama Court of Criminal Appeals, which held that the claim was insufficiently pled. Because he cannot return to the Alabama Supreme Court to exhaust this claim, it is procedurally defaulted in federal court. *See O'Sullivan v. Boerckel, supra*.

Furthermore, the Court of Criminal Appeals affirmed the trial court's finding that this claim was inadequately pled under Rule 32.6(b), Ala.R.Crim.P. Recent Eleventh Circuit precedent now holds that application of Rule 32.6(b) is an adjudication on the merits. In *Powell v. Allen*, 602 F.3d 1263 (11th Cir. 2010), the court of appeals addressed a habeas claim that was rejected by the state courts because the petitioner (Powell) "failed to plead facts on which an ineffective assistance claim could be based and, for that reason, denied Powell's claim and request for an evidentiary hearing." *Id.* at 1272, citing Ala.R.Crim.P. 32.6. The Court then explained the effect of this state-court ruling:

> We thus review the Rule 32 court's rejection of Powell's claim *as a holding on the merits*. *Judd [v. Haley]*, 250 F.3d at 1313; *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (finding no procedural bar from state court ruling on similar pleading rule because the ruling "require[d] some evaluation, however cursory, of the merits of a petitioner's claim").

*Id.* at 1272 (emphasis added).

Therefore, in conducting a habeas analysis, this court must "examine the reasonableness of the Court of Criminal Appeals's adjudication of [the petitioner's]

claims based upon the allegations contained in his" Rule 32 petition.  *Borden*, 646

F.3d at 816-17.

> [The] task . . . is to evaluate whether the Court of Criminal Appeals's
> determination that [petitioner]'s relevant ineffective assistance of
> counsel claims were due to be dismissed for failure to state a claim with
> sufficient specificity under Rule 32.6(b) was "contrary to, or involved
> an unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States."  28 U.S.C.
> § 2254(d)(1).

*Id.* at 817-18 (alteration supplied).[8]  A review of the holding on the exculpatory

evidence claim does not reflect that it was contrary to, or involved an unreasonable

application of, United States Supreme Court law.  The claim is vague and unspecific

as to the exculpatory nature of the evidence allegedly withheld.  Furthermore,

petitioner made no showing how this evidence would have resulted in a different

---

[8] Title 28 U.S.C. § 2254(d) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant
to the judgment of a State court shall not be granted with respect to any claim that
was adjudicated on the merits in State court proceedings unless the adjudication of
the claim—
    (1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme Court
of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

outcome to the proceedings.  Therefore, this claim is also without merit pursuant to 28 U.S.C. § 2254(d).

In addition, though petitioner alleges that the state withheld exculpatory evidence, a closer reading of his petition reflects that he is complaining about the State's failure to comply with a discovery obligation under Rule 16, Ala.R.Crim.P., and the trial court's failure to provide the defense a remedy under Rule 16.5, Ala.R.Crim.P. (RX-2 at 6-8).  Petitioner's actual complaint was that the State failed to provide him with a witness list in advance of trial pursuant to the state district court's discovery order.  To the extent that the discovery claim raised on direct appeal is the claim Rickmon raises in his federal habeas petition, he is not entitled to relief because the issue is purely one of state law and does not raise a federal constitutional or statutory violation.  Thus, it is not cognizable under 28 U.S.C. § 2254.  *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  *Id.* at 1055.

The claim of ineffective assistance of counsel was also raised in petitioner's Rule 32 petition.  In his Rule 32 petition, he alleged:

> Lawyer who was appointed conveniently lost critical pieces of evidence. Failed to ask questions I specifically asked him to ask of witnesses.  Did not correspond with me during appeal and let appeal finalize without any notification.  Has withheld all my paperwork after numerous

attempts by me to get it from him.  Including unethical response to a
State Bar complaint.

(RX-5 at 14).

However, to the extent that it was presented in state court, this claim also is
unexhausted because petitioner did not seek review of the denial of this claim with
the Alabama Supreme Court.  Therefore, this claim is unexhausted in state court and
procedurally barred here.  *See O'Sullivan v. Boerckel, supra*.

Furthermore, the Alabama Court of Criminal Appeals denied this claim on the
ground that it was inadequately pled and thus lacking in merit pursuant to Rule 32.6,
Ala.R.Crim.P., and *Strickland v. Washington*.  In *Strickland v. Washington*, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-
prong test to evaluate ineffective assistance claims.   To obtain reversal of a
conviction, the defendant must prove (1) that counsel's performance fell below an
objective standard of reasonableness and (2) that counsel's deficient performance
prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome
of the proceeding.  *Id.* at 687-88, 104 S.Ct at 2064-65.  In deciding whether a
counsel's performance was ineffective, a court must consider the totality of the
circumstances.  *Id.* at 690, 104 S.Ct. at 2066.

The Alabama Court of Criminal Appeals held that petitioner's ineffective
assistance claims were bald generalizations which were too vague to warrant relief.

Petitioner did not state with the required specificity what part of his attorney's performance was deficient, how it was deficient, or the prejudice to Rickmon caused by counsel's alleged failure to provide him with all the documents he requested or caused by any other acts of trial counsel.  Thus, the state court's adjudication of the claim was not contrary to clearly established United States Supreme Court law, nor was its decision based on an unreasonable application of the facts submitted in the Rule 32 proceedings.  *See* 28 U.S.C. § 2254(d).  Petitioner has failed to make a showing under either section of this statute.  Therefore, no relief is due to be granted on this claim.  Furthermore, even if the ineffective assistance of counsel claim in Rickmon's § 2254 petition is not the same as that raised in his Rule 32 petition, it is still procedurally defaulted because it was not presented to the State courts and its presentation there would be barred by the preclusionary rules of Rule 32.2, Ala.R.Crim.P. *See Snowden*, 135 F.3d at 737.  Consequently, petitioner is not entitled to any relief under this claim.

## CONCLUSION

Based on the foregoing analysis, it is RECOMMENDED that Rickmon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the

clerk of this court.  Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL

EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 7th day of May, 2014.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE